# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 13, 2021

Mr. Fred Huffman
SBI No. 00175294
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> Re: *Huffman, et al. v. DeMatteis, et al.,*
> C.A. No. 2020-0742-PWG

Dear Mr. Huffman:

This letter addresses the exceptions you took to an Order dated September 1, 2020.[1] I will begin by briefly recounting the procedural history of this matter, Civil Action Number 2020-0742-PWG, which I will refer to as the "Second Action," and the prior matter you filed, Civil Action Number 2020-0530-PWG, which I will refer to as the "First Action."[2]

You commenced the First Action by letter dated June 9, 2020, which sought a writ of mandamus and asked this court to issue an injunction concerning the

---

[1] C.A. No. 2020-0742-PWG ("Second Action"), Docket ("Dkt.") 1, Order Granting, in Part, Denying in Part Appls. to Proceed in Forma Pauperis, Dismissing Action, and Denying Mot. for Reconsideration of Dismissal ("Order").

[2] C.A. No. 2020-0530-PWG ("First Action"), Dkt. 4, Order on in Forma Pauperis ("Final Report").

conditions of the James T. Vaughn Correctional Center ruing the COVID-19 pandemic.

The First Action was assigned to Master Griffin. In her Final Report dated June 30, 2020, Master Griffin granted your application to proceed *in forma pauperis* in this matter.[3] Master Griffin then evaluated whether the legal theories you raised are within this court's jurisdiction.[4] As she explained, a court has an independent obligation to ensure the proper exercise of subject matter jurisdiction. She found that your writ of mandamus fell outside the scope of this court's jurisdiction and dismissed the First Action for lack of subject matter jurisdiction. She dismissed the First Action without prejudice to permit you the opportunity to reassert your claims in the proper venue, the Superior Court of Delaware.[5]

You then filed the Second Action in the Court of Chancery on July 15, 2020.[6] Your initial filing comprised a letter seeking reconsideration of Master Griffin's dismissal of the First Action, a proposed class action pleading, applications to

---

[3] *Id.* at 2.

[4] *Id.* at 2.

[5] *Id.* at 3–4.

[6] Second Action Dkt. 18, Class Action Compl. Regarding Inj. Relief and Punitive Damages.

proceed *in forma pauperis* on behalf of yourself and the other proposed petitioners, and a motion for the appointment of counsel.

The Second Action was assigned to Master Molina. By an Order dated September 1, 2020, Master Molina granted nine of the ten motions to proceed *in forma pauperis* and denied reconsideration of the Final Report in the First Action. She then dismissed the Second Action. As the Master explained, in essence, the Second Action complained of conditions of confinement, and Title 10, Section 8804(g) of the Delaware Code requires a prisoner to exhaust all administrative remedies available through the institutional grievance process before filing a complaint relating to a condition of confinement.[7] After canvasing the record of both the First and Second Actions, she found no information concerning any efforts to exhaust administrative remedies. She dismissed the Second Action without prejudice to your ability to refile with support showing that all available administrative remedies have been exhausted. Because she dismissed the Second Action, the Master did not rule on your motion for the appointment of counsel.

---

[7] Order ¶ 5.

You took exceptions to Master Molina's September 1, 2020 Order (although you referred to it as Master Griffin's Final Report).[8] This matter was assigned to me solely for the purpose of hearing the exceptions to the Order.[9]

After taking exceptions, you wrote three additional letters dated September 24, September 30, and October 12, 2020. The last letter was docketed on October 19, 2020. Each letter attached exhibits concerning your efforts to exhaust administrative remedies.

Typically, this court reviews exceptions "on the record before the Master, unless the Court determines otherwise for good cause shown."[10] In this case, however, Master Molina issued the Order based on a record that did not include any evidence of your attempts to exhaust the administrative remedies available to you. Given your status as a *pro se* litigant, and the development of the records following the Master's issuance of the Order, it is appropriate to give the Master an opportunity to evaluate your three most recent submissions and revisit her findings in light of that information.[11]

---

[8] Second Action Dkt. 20, Letter Addressed to the Court from Fred Huffman to the Court Regarding Exceptions (taking exception to the "Order Dated Sept. 01, 2020").

[9] Second Action Dkt. 22, Case Reassignment Letter.

[10] Ct. Ch. R. 144(e).

[11] *See, e.g., DiGiacobbe v. Sestak*, 743 A2d 180, 184–85 (Del. 1999) (finding that a remand to the trial court was appropriate where the reviewing court was "unable to review the

This matter is therefore remanded to the Masters in Chancery, who may review the new evidence you have presented and determine if revisiting the findings in the Final Report or the Order is appropriate.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Vice Chancellor

---

decision of the Court of Chancery" which, "likewise, was unable to review the decision of the master" due to limitations in the available record).